

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

**BONNIE FAIRBANK,**

**Plaintiff,**

v.                                               Civil Action No. 4:13-CV-9

**LAW OFFICES OF SHAPIRO, BROWN &
ALT, LLP**

**and**

**PROFESSIONAL FORECLOSURE CORPORATION
OF VIRGINIA,**

**Defendants.**

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, BONNIE FAIRBANK, by counsel, for her Complaint against the Defendants they allege as follows:

### INTRODUCTION

1.      This is an action seeking damages arising from Defendants' unlawful attempts to collect a delinquent home mortgage debt allegedly owed by Plaintiff and to foreclose on the subject Deed of Trust.  Plaintiff alleges that Defendants, a debt collection law firm and its collection-purposed Trustee, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. ("FDCPA") by, among other things, failing to inform Plaintiffs of the name of the creditor to whom the debt was owed and by misrepresenting that they contacted Plaintiff's mortgage lender, initiating foreclosure activities when they had no present right to possession of Plaintiff's property, and by directly communicating with Plaintiff in connection with the collection of mortgage debt when Defendants knew she was represented by counsel.

## JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331; and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.     Plaintiff Bonnie Fairbank ("Ms. Fairbank") is a natural person who resides in Virginia.  Ms. Fairbank is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.     Defendant Law Offices of Shapiro, Brown & Alt, LLP, formerly known as Shapiro & Burson, LLP ("Shapiro & Burson") is a law firm, the principal purpose of whose business is the collection of debts, and is located at 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462.

5.     Defendant Professional Foreclosure Corporation of Virginia is a company whose sole purpose is to serve as the substitute trustee for mortgage loans that are referred to Shapiro, Brown & Alt, LLP ("SB&A"), for the purpose of collecting delinquent debts and/or conducting foreclosure sales for which it purports to be a substitute trustee. Its principal place of business is located at is located at 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462. At all times relevant to this case, Professional Foreclosure Corporation of Virginia was operating as an alternate voice and alter ego of SB&A.  For all purposes herein they were one and the same and are hereafter referred to collectively as "Defendants."

6.     Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).  Defendants moreover used one or more instrumentalities of interstate

commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

7.     Plaintiff borrowed $703.835.00 in order to finance her mortgage through Washington Mutual Bank, FA, as evidence by a promissory note ("Note"), dated July 21, 2007.

8.     The Note was secured by a Deed of Trust dated July 21, 2007.

9.     Plaintiff's loan is serviced by JP Morgan Chase Bank, National Association ("Chase"). As a servicer, Chase acted on behalf of the owner of the loan to conduct certain customary servicing functions, such as to collect and record payments, communicate with the homeowner, and assess late fees.

10.     At all relevant times hereto, Chase was not the owner of the Plaintiff's loan or the creditor to whom the debt was owed.

11.     Plaintiff regularly made their monthly mortgage payments until she began experiencing financial difficulties because of the struggling economy.

12.     Throughout the next year, Plaintiff diligently communicated with Chase and submitted documents after documents in efforts to keep her home through the Home Affordable Modification Program.

### *Defendants are a Debt Collector*

13.     Defendants are a law firm whose practice is focused on the collection of debts.

14.     Defendants regularly collect home loan debts.

15.     Defendants regularly demands payment from consumers of claimed arrearages and provides consumers reinstatement quotes and itemizations of amounts that Defendants are attempting to collect.  They did so as to the Plaintiff.

3

16.     Defendants regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure"). They did so as to the Plaintiff. Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers. They did so as to the Plaintiff.

### *Defendants Attempt to Collect a Debt*

17.     By way of example, Defendants sent to Plaintiff a letter dated December 20, 2010, requesting payment[1] on an alleged delinquent home mortgage obligation. The December 20, 2010 letter indicated that a foreclosure sale would be scheduled unless Plaintiff made all past-due mortgage payments and late charges.

18.     Defendants' December 20, 2010 letter was an attempt to collect a debt.

19.     Defendants' December 20, 2010 letter has two boldface § 1692e disclosures which state "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

20.     The December 20, 2010 letter further states that the "law firm of Shapiro & Burson, LLP and Professional Foreclosure Corporation of Virginia, a Virginia Corporation, have been retained to initiate foreclosure proceedings to foreclose the mortgage on your property. The following information is provided to you as required by the Federal Fair Debt Collection Practices Act...."

---

[1] While the FDCPA's one year statute of limitations may render certain of the Defendants' debt collection misconduct unactionable, evidence of that misconduct is alleged for purposes of, and is relevant to, establishing whether the debt collection abuse occurring within the limitations period was part of an abusive or harassing pattern.

*Plaintiffs, Through Counsel, Dispute the Debt*

21.    After the December 20, 2010 letter, Defendants sent similar correspondence to Plaintiff attempting to collect a debt, including a letter dated July 13, 2011.

22.    On or around August 10, 2011, Plaintiff retained the services of Surovell Isaacs Petersen & Levy, PLC to represent her with respect to Defendants' collection efforts.

23.    On August 10, 2011, Plaintiff's counsel responded to Defendants' July 13, 2011 correspondence. In this correspondence, Plaintiff's counsel explained that Plaintiff disputed that Chase was the creditor to whom the debt was owed and requested Defendants to cease collection activities until Defendants identified the current creditor and verified the debt in accordance with the FDCPA.

24.    On August 17, 2011, an attorney from the Defendants, Lindsay Kelly, acknowledged receipt of the August 10, 2011 correspondence demonstrating that Defendants knew that Plaintiff had retained the services of an attorney to represent her.

*Defendants Misrepresent the Identity of the Creditor and Defendants Contacted the Lender*

25.    Defendants sent a letter dated January 11, 2012, to Plaintiff's counsel "we have contacted the mortgage lender and in accordance with the Fair Debt Collection Practices Act have verified your debt."

26.    This letter further stated that the "original creditor was WASHINGTON MUTUAL BANK, FA. The current creditor is JP MORGAN CHASE BANK, NATIONAL ASSOCIATION."

27.    The debt, a home loan, was incurred primarily for personal, family, or household purposes, within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

28.     Upon information and belief, Chase was merely the servicer of Plaintiff's loan and not the current creditor or beneficiary of the Note.

29.     Upon information and belief, Chase never contacted Plaintiff's mortgage lender as represented in the January 11, 2012 letter.

30.     The January 11, 2012 letter further stated "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

31.     Enclosed with the January 11, 2012 letter was another letter dated January 9, 2012. The January 9, 2012 letter, just below the letterhead, begins with a disclosure, stating "WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT."

32.     The enclosed January 9, 2012 letter further states that "the amount required to cure your delinquency and reinstate your loan is $114,919.96, as itemized below. However, the amount that you owe may increase between the date of this letter and the date you reinstate the loan. This is because of interest, late charges, advances, trustee's and/or attorney's fees and costs (if applicable), and other charges that may continue to accrue or will be incurred."

33.     Upon information and belief, Defendants knew that Chase was not the party secured by the Deed of Trust and/or Plaintiff's mortgage lender.

### *Defendants Subsequently Communicate Directly with Plaintiff*

34.     Defendants knew that Plaintiff was represented by an attorney with regard to her unpaid mortgage and knew the attorney's name and address and nevertheless subsequently communicated directly with Plaintiff with respect to the subject debt.

35.     In connection with their collection activity, Defendants sent another notice directly to Plaintiff dated March 6, 2012, once again attempting to foreclose on the property.

36. The March 6, 2012 letter explained that Defendants had been appointed substitute trustee to conduct the foreclosure sale pursuant to the Substitute Trustees Deed enclosed with the letter.

37. The March 6, 2012 letter stated "this is a communication from a Debt Collector."

38. The Notice of Trustee's Sale enclosed with the March 6, 2012 letter also stated that "THIS COMMUNICATION IS FROM A DEBT COLLECTOR."

39. Defendants sent this notice to Plaintiffs despite their knowledge that Plaintiffs were represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2).

40. Moreover, the Substitute Trustees Deed also stated that JPMORGAN CHASE BANK, N.A. appointed the Defendants as Substitute Trustee.

41. Defendants claim that the Substitution of Trustees Deed gives them the authority to foreclose on Plaintiff's home by appointing them substitute trustee.

42. Upon information and belief, Defendants were not validly appoint substitute trustee because Chase lacked the authority to appoint Defendants as substitute trustee.

43. As a result of the acts and omissions of the Defendants, Plaintiffs suffered actual damages and injury, including but not limited to, emotional distress, mental anguish and suffering, loss of peace of mind, and a loss of statutorily protected rights.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692e

44. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

45. Defendants violated 15 U.S.C. § 1692e, e(2)(A), and/or e(10) by falsely stating its January 11, 2012 correspondences that Chase was the current creditor.

7

46.    In the alternative, Defendants violated 15 U.S.C. § 1692e(10) by falsely stating its January 11, 20121 correspondence they had contacted Plaintiff's mortgage lender to verify the debt.

47.    As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692f

48.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

49.    The scheduled foreclosure sale date was a nonjudicial action that sought to permanently deprive Plaintiff of her ownership rights in her home.

50.    Defendants had no authority to initiate foreclosure activities because Chase was not the noteholder or beneficiary under the Deed of Trust and had no authority to appoint the Defendants as a substitute trustee because they were not acting on behalf of the actual beneficiary of the deed of trust and/or Noteholder.

51.    Because they were not validly appointed as a substitute trustee by the noteholder in compliance with the terms of the Note and Deed of Trust, the Defendants had no right to attempt to conduct the foreclosure sale, or to transfer the property.

52.    Defendants threatened  to take nonjudicial action to effect dispossession or disablement of the subject property at a time when they had and there was no present right to possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6).

53.    As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count III: Violations of the FDCPA, 15 U.S.C. § 1692c(a)(2)

54.     The foregoing allegations of the Complaint are incorporated by reference.

55.     On August 10, 2011, Defendants were notified in writing that Plaintiff was represented by counsel in connection with respect to their mortgage debt. This correspondence further provided Defendants with Plaintiff's attorney's name and address.

56.     Despite Defendants' knowledge that Plaintiff was represented by counsel in connection with Defendants' attempt to collect their mortgage debt, within the past year, Defendants communicated directly with Plaintiff in violation of 15 U.S.C. § 1692c(a).

57.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff statutory damages;

3.     Award Plaintiff reasonable attorney's fees;

4.     Award Plaintiff costs;

5.     Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
BONNIE FAIRBANK
By Counsel

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB # 40693

9

CONSUMER LITIGATION ASSOC., P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601 (757) 930-3660
(757) 930-3662 Facsimile
lenbennett@clalegal.com
srotkis@clalegal.com

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
SUROVELL    ISAACS    PETERSEN    &
LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOC., P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile
matt@clalegal.com

Counsel for Plaintiff