# EXHIBIT C

# January 11, 2012 Letter

# (without attachments
# other than Copy of Promissory Note)

# Law Offices
## of
## Shapiro & Burson, LLP

January 11, 2012

SUROVELL, ISAACS, PETERSEN & LEVY, PLC
KRISTI CAHOON KELLY
4010 UNIVERSITY DRIVE
SECOND FLOOR
Fairfax, VA 22030

FAIRBANK, BONNIE K. AND FAIRBANK, STEPHEN
■ IVANHOE COURT, Alexandria, VA 22304

RE: FAIRBANK, BONNIE K. AND FAIRBANK, STEPHEN
■ IVANHOE COURT, Alexandria, VA 22304
10-208527V

Dear Kristi Cahoon Kelly:

We have received from you correspondence dated **August 10, 2011**. In response, we have contacted the mortgage lender and in accordance with the Fair Debt Collection Practices Act have verified your debt. Please be advised Original Note is in our office if you would like to set up an appointment with an Attorney to review. I am enclosing the following:

COPY OF PROMISSORY NOTE
REINSTATEMENT FIGURES
PAYMENT HISTORY
COPY OF NOTICE OF ACCELERATION

This response constitutes verification as required by the FDCPA.

The original creditor was WASHINGTON MUTUAL BANK, FA. The current creditor is JPMORGAN CHASE BANK, NATIONAL ASSOCIATION. The address of the current creditor is JPMorgan Chase Bank, National Association, 7255 Baymeadows Way, Jacksonville, Florida 32256, phone number (800) 848-9136.

Sincerely,

SHAPIRO & BURSON, LLP

*Shirley Ortiz*
Shirley Ortiz
Paralegal

cc:    JPMorgan Chase Bank, National Association

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.
NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER

13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033  E-mail FIGURES.VA@LOGS.COM
(703) 449-5800  Facsimile (703) 449-5850

83VA
W41

# InterestFirst℠ NOTE

JULY 21, 2007          GRAND RAPIDS,          MICHIGAN
[Date]                 [City]                  [State]

1600 IVANHOE CT, ALEXANDRIA, VA 22304
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 703,835.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is WASHINGTON MUTUAL BANK, FA

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.250 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will make a payment every month. This payment will be for interest only for the first 120 months, and then will consist of principal and interest.
I will make my monthly payment on the 1ST day of each month beginning on SEPTEMBER 01, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on AUGUST 01, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at P.O.BOX 78148 PHOENIX, AZ 85062-8148
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 4,252.34 for the first 120 months of this Note, and thereafter will be in the amount of U.S. $ 5,562.94. The Note Holder will notify me prior to the date of change in monthly payment.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my

VIRGINIA InterestFirst FIXED RATE NOTE - Single Family - Fannie Mae UNIFORM INSTRUMENT

ⓋⓂⓅ -836N(VA) (0105)     Form 3271.47 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3         Initials: B.F.



payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5.000      % of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _Bonnie K. Fairbank_ (Seal)
       -Borrower                                         -Borrower
                                                BONNIE K FAIRBANK

_____ (Seal)     _____ (Seal)
       -Borrower                                           -Borrower

Pay to the order of

_____ (Seal)     Without Recourse (Seal)
       -Borrower                        WASHINGTON MUTUAL BANK, FA    -Borrower

                                        By _____

_____ (Seal)     CYNTHIA RILEY (Seal)
       -Borrower                            VICE PRESIDENT              -Borrower

*(Sign Original Only)*

This is to certify that this is the Note described in and secured by a Deed of Trust dated  JULY 21, 2007  ,
on the Property located in  ALEXANDRIA CITY  , Virginia.

My Commission Expires Sept. 30, 2007

_____
Notary Public

```
TERESA G. GARRISON
Notary Public
Commonwealth of Virginia
My Commission Expires Sep 30, 2007
```

-836N(VA) (0105)         Page 3 of 3         Form 3271.47 1/01

WPA1 W41

## Prepayment Fee Note Addendum

This Prepayment Fee Note Addendum (the "Note Addendum") is made this ___19TH___ day of ___JULY, 2007___ and is incorporated into and shall be deemed to amend and supplement the Note executed by the undersigned (the "Borrower") in favor of ___WASHINGTON MUTUAL BANK, FA___ (the "Lender") and dated as of even date herewith (the "Note").

This Note Addendum amends the provision in the Note regarding the Borrower's right to prepay as follows:

BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. Any payment of principal, before it is due, is known as a "prepayment." A prepayment of all of the unpaid principal at any time is known as a "full prepayment." A prepayment of only part of the unpaid principal at any time is known as a "partial prepayment."

Except as provided below, I may make a full prepayment or a partial prepayment at any time without any fee or charge.

If I make a full or partial prepayment at any time during the first one (1) year of the loan, commencing from the date of the Note (the "Prepayment Fee Period"), I may be charged a fee as follows:

> If the Noteholder receives a full prepayment or a partial prepayment of more than twenty percent (20.0%) of the original principal amount during the Prepayment Fee Period, I may be charged a fee in an amount equal to the payment of six months' advance interest on the amount prepaid that exceeds twenty percent (20.0%) of the original principal amount, calculated at the interest rate in effect on the date(s) of such full prepayment or partial prepayment(s) (the "Prepayment Fee"). From and after the expiration of the Prepayment Fee Period, prepayment of the Note shall be permitted without any Prepayment Fee. If I make a partial prepayment or partial prepayments of less than twenty percent (20.0%) of the original principal amount during the Prepayment Fee Period, I may do so without paying any Prepayment Fee.

The Prepayment Fee shall be payable upon a full prepayment or partial prepayment, voluntary or involuntary, including but not limited to, a prepayment resulting from the Noteholder's permitted acceleration of the balance due on the Note. Notwithstanding the foregoing, nothing herein shall restrict my right to prepay at any time without any fee accrued but unpaid interest that has been added to principal.

When I make a full or partial prepayment, I will notify the Noteholder in writing that I am doing so. Any partial prepayment of principal shall be applied to interest accrued on the amount prepaid, if any, then to the Prepayment Fee, if applicable, and last to the principal balance of the Note, which shall not reduce the amount of the monthly installments of principal and interest (until reamortized as set forth in the Note at the next Payment Change Date) nor relieve me of the obligation to make the installments each and every month until the Note is paid in full. Partial prepayments shall not have any effect upon the due dates or the amounts of my monthly payments unless the Noteholder agrees in writing to such changes.

33086 (03-06)　　　　　　　　　　　Page 1 of 2　　　　　　　　　　　LRD06USA (VERSION 1.0)

WPA 1

All other provisions of the Note are unchanged by this Note Addendum and remain in full force and effect.

**NOTICE TO THE BORROWER**
**Do not sign this Note Addendum before you read it. This Note Addendum provides for the payment of a Prepayment Fee if you wish to repay the loan prior to the date provided for repayment in the Note.**

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Note Addendum.

_Bonnie K. Fairbank_ _____
BONNIE K FAIRBANK

_____  _____

_____  _____

_____  _____